IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————————

APPEAL NO. 18-11183-JJ

———————————————

UNITED STATES OF AMERICA
**Plaintiff-Appellee,**

**v.**

ANDREW RYAN LESLIE
**Defendant-Appellant.**

———————————————————————

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF FLORIDA

———————————————————————

INITIAL BRIEF OF APPELLANT FILED PURSUANT TO
*ANDERS V. CALIFORNIA*, 386 U.S. 738, 87 S. CT. 1396 (1967)

———————————————————————

**Donna Lee Elm**
**Federal Defender**

**Adeel Bashir**
**Assistant Federal Public Defender**
**Appellate Division**
**D.C. Bar Number 1000201**
**400 N. Tampa Street, Suite 2700**
**Tampa, FL 33602**
**Telephone: 813-228-2715**
**Facsimile: 813-228-2562**
**E-mail: adeel_bashir@fd.org**
**Counsel for Appellant**

**Appeal No. 18-11183-JJ**

***United States of America v. Andrew Ryan Leslie***

## CERTIFICATE OF INTERESTED PERSONS

The persons listed below have an interest in the outcome of this case:

Bashir, Adeel

Bentley, A. Lee, III

Britsch, Lauren Elizabeth

Brown, David Rodney

Cakmis, Rosemary

Davis, The Honorable Brian J.

Elm, Donna Lee

Leslie, Andrew Ryan

Lopez, Maria Chapa

Minor Victims

Muldrow, Stephen

Richardson, The Honorable Monte C.

Rhodes, David P.

Rosenblum, Mark

Rhodes, Yvette

Skuthan, James T.

Toomey, The Honorable Joel B.

## STATEMENT REGARDING ORAL ARGUMENT

Because counsel files this brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and is filing a motion to withdraw herewith, counsel takes no position with respect to whether oral argument is appropriate in this case.

### TABLE OF CONTENTS

**Contents**                                                                    **Page**

Certificate of Interested Persons ....................................................... *C1 of 1*

Statement Regarding Oral Argument ........................................................ i

Table of Contents ........................................................................ ii

Table of Citations ...................................................................... iv

Statement of Subject-Matter and Appellate Jurisdiction ......................... vi

Statement of the Issues .................................................................. 1

Statement of the Case ................................................................... 1

    i.    Course of Proceedings and Disposition in the Court Below ............... 1

    ii.    Statement of the Facts ....................................................... 2

        a.    The Guilty Plea ......................................................... 2

            *Competency* .......................................................... 2

            *Constitutional Rights* .............................................. 3

            *Sentencing Guidelines* ............................................ 4

            *Nature of the Charges* ............................................ 4

            *Penalties* .............................................................. 5

            *Voluntariness* ....................................................... 6

            *Plea Agreement and Appeal Waiver* ........................... 6

            *Factual Basis* ........................................................ 7

            *Findings* ............................................................... 9

## TABLE OF CONTENTS – *continued*

**Contents**                                              **Page**

        b.    The Sentencing ........................................................... 10

    iii.    Standards of Review ................................................ 14

Summary of the Argument ...................................................... 15

Arguments and Citations of Authority ................................... 16

    I.    Whether Mr. Leslie pleaded guilty knowingly and voluntarily .......... 16

        A.    Whether the court below followed the procedures set forth in Rule 11(b) ................................................... 17

        B.    Whether Mr. Leslie understood the nature of the charges, including the factual basis, and consequences of his guilty plea ....................................................... 19

    II    Whether Mr. Leslie's sentence is procedurally and substantively reasonable ............................................................. 20

Conclusion ............................................................................. 25

Certificate of Service .............................................................. 26

TABLE OF CITATIONS

**Cases**                                                      **Page(s)**

*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967)..............................*passim*

*Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709 (1969) .......................................16

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007) ....................14, 20, 21, 22

*McCarthy v. United States,* 394 U.S. 459, 89 S. Ct. 1166 (1969) ..........................16

*Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007)...................................23

*United States v. Blackwell*, 767 F.2d 1486 (11th Cir. 1985) ...................................14

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)...............................20

*United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010)........................................14

*United States v. Gonzalez*, 550 F.3d 1319 (11th Cir. 2008) ...................................23

*United States v. Hernandez-Fraire*, 208 F.3d 945 (11th Cir. 2000)........................14

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010).......................................20, 23

*United States v. Johnson*, 375 F.3d 1300 (11th Cir. 2004).....................................14

*United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005)....................................16

*United States v. Pope*, 132 F.3d 684 (11th Cir. 1998)............................................14

*United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009) .......................................22

*United States v. Snipes*, 611 F.3d 855 (11th Cir. 2010)..................................... 22-23

*United States v. Talley*, 431 F.3d 784 (11th Cir. 2005) ....................................22, 23

*United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043 (2002)...................................15

TABLE OF CITATIONS – *continued*

**Statutes**          **Page(s)**

18 U.S.C. § 2251 ............................................................................1

18 U.S.C. § 3553 ..........................................................13, 20, 21, 23

**Federal Rules of Criminal Procedure**

Fed. R. Crim. P. 11(b) ...................................................16, 17, 18, 19

Fed. R. Crim. P. 52(b) ................................................................14

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is a direct appeal from the final Judgment in a Criminal Case, entered by the United States District Court, Middle District of Florida, Jacksonville Division, on March 7, 2018. Doc. 53.   The district court had original jurisdiction over this criminal case pursuant to 18 U.S.C. §3231.   Appellant/Defendant Andrew Leslie timely filed a notice of appeal on March 21, 2018. Doc. 57.   This Court has jurisdiction under 18 U.S.C. §3742 and 28 U.S.C. §§1291, 1294.

STATEMENT OF THE ISSUES

I.      Whether Mr. Leslie pleaded guilty knowingly and voluntarily.

II.     Whether Mr. Leslie's sentence is procedurally and substantively
        reasonable.

STATEMENT OF THE CASE

## i.      Course of Proceedings and Disposition in the Court Below

On October 27, 2017, a federal grand jury in the Middle District of Florida,
Jacksonville Division, returned a two-count Indictment naming Andrew Ryan
Leslie as the defendant. Doc. 13. Count One charged that Mr. Ryan did employ,
use, persuade, induce, entice and coerce a minor, Child 1, to engage in any
sexually explicit conduct for the purpose of producing visual depictions of such
conduct, which visual depictions were produced using materials that have been
mailed, shipped or transported in or affecting interstate or foreign commerce by
any means, in violation of 18 U.S.C. §§2251(a) and (e). *Id.* Count Two charged
that Mr. Ryan did employ, use, persuade, induce, entice and coerce a minor, Child
2, to engage in any sexually explicit conduct for the purpose of producing visual
depictions of such conduct, which visual depictions were produced using materials
that have been mailed, shipped or transported in or affecting interstate or foreign
commerce by any means, in violation of 18 U.S.C. §§2251(a) and (e). *Id.*

On October 30, 2017, Mr. Leslie appeared before United States Magistrate
Judge Karla R. Spaulding and pleaded guilty to Counts One and Two of the

Indictment, pursuant to a written plea agreement. Docs. 38-40. On October 30, 2017, United States District Judge Brian J. Davis accepted the defendant's guilty plea and adjudged him guilty. Doc. 42.

On March 1, 2018, the district court sentenced Mr. Leslie to a guidelines sentence of 720 months' imprisonment, consisting of 360 months on Counts One and Two, to run concurrently. Doc. 53. This timely appeal follows. Doc. 57. Mr. Leslie is currently incarcerated.

## ii.    Statement of the Facts

### a.    The Guilty Plea

At the start of the change-of-plea hearing, the court placed Mr. Leslie under oath and informed him that if he fails to tell the truth he could be prosecuted for perjury or making a false statement. Doc. 65 at 2-3.   Mr. Leslie affirmed that he understood the consequences of falsely testifying before the court. Doc. 65 at 3.

*Competency*:    To ensure Mr. Leslie's competency, the court ascertained the following facts:   Mr. Leslie's full name is Andrew Ryan Leslie; he was born on January 16, 1995 and is a United States citizen; he finished twelfth grade; he can read, write, and understand English without difficulty; he was not under the influence of any drugs, alcohol, or other intoxicants. Doc. 65 at 5-6.   The Court learned that Mr. Leslie suffers from depression. Doc. 65 at 6.   The Court confirmed that he is on medication for his illnesses. Doc. 65 at 6-8.   Mr. Leslie stated that he was confident that he understood the importance of the change of

2

plea hearing and understood that if he had any questions about the proceedings he could ask for the court or his attorney to explain those proceedings to him. Doc. 65 at 8-9.   Mr. Leslie also stated he was consenting to pleading guilty before a Magistrate Judge. Doc. 65 at 3-6.

***Constitutional Rights***:    Mr. Leslie stated he was satisfied with the representation of his counsel, Doc. 65 at 30, and affirmed that he understood he has the following constitutional rights:

- the right to maintain your innocence and to take your case to trial;

- the right to have a jury trial in a courtroom like this where the prosecutor would be required to prove to the jury beyond a reasonable doubt and to the jury's unanimous satisfaction your guilt in this case;

- the right to be effectively represented by counsel;

- if you could not afford counsel, the Court would appoint counsel to represent you at no cost to you;

- the right to cross-examine the witnesses appearing against you;

- the right to present a defense;

- the right to testify if you so desire, or instead, to remain silent without anyone making any comment about your silence;

- the right to invoke the power of the Court to compel witnesses to appear on your behalf at the trial.

Doc. 65 at 9-11.

Mr. Leslie further confirmed that he understood that by pleading guilty he would be waiving these constitutional rights. Doc. 65 at 9-11.  In addition, Mr. Leslie stated he understood that by pleading guilty he may lose the right to challenge on appeal rulings the Court has made, and he may lose certain civil rights, such as the right to vote, hold public office, serve on juries, and to own and possess firearms. Doc. 65 at 11.

*Sentencing Guidelines*:  Concerning the sentencing guidelines, the court told Mr. Leslie that the Sentencing Guidelines apply in his case. Doc. 65 at 11-12. The Court will not be able to determine a guideline range until after the Probation Office prepares a presentence report.   He will have an opportunity to review that report and make objections to it before sentencing.   After the District Court Judge determines what guidelines apply, the Court has the authority to impose a sentence that is more severe or less severe than the sentence that the guidelines recommend. In fact, the Court has the authority to impose a sentence up to the maximum allowed by law.   In other words, the District Judge is not bound by the guidelines; they are only advisory, and if the sentencing guideline range or the sentence is something different than you expect it to be, you would not be allowed to withdraw your guilty plea for that reason. Doc. 65 at 12-13.   Mr. Leslie stated he understood the application of the sentencing guidelines in his case. Doc. 65 at 13.

*Nature of the Charges*:  Mr. Leslie told the court that he had read the indictment and that the charges had been explained to him. Doc. 65 at 13.   The

4

Court told Mr. Leslie that, "the necessary elements the government must prove beyond a reasonable doubt in order for you to be convicted on these charges are as follows, and they're listed on page 3 of your plea agreement":

First, that an actual minor, that is, a real person who is less than 18 years old, was depicted;

Second, that you employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct; and

Third, that such visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

Doc. 65 at 14.

Mr. Leslie responded, "Yes," when asked if he understood the charges in the indictment and what the government needed to prove in order to convict him of the crime alleged. Doc. 65 at 13-14.

***Penalties***:    Concerning the penalties for each count, the court also explained:

> They're each -- each count's punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of $250,000, or both the imprisonment and the fine, a term of supervised release after prison of not less than five years up to life, a special assessment of a hundred dollars, and $5,000 on any non-indigent defendant.
>
> And then if the Court sentences you on each count consecutively, you're looking at a total cumulative sentence of a minimum mandatory

term of imprisonment of not less than 30 years and not more than 60 years, fines totaling $500,000, or both the imprisonment and the fine, a term of supervised release after prison of not less than five years up to life, special assessments of either $200 or $10,000.

And then, once you're on supervised release, if you're required to register under the Sex Offender Registration and Notification Act, which you will be, and then you commit any criminal felony offense under 18, U.S. Code, Chapters 109A, 110, or 117, or Sections 1201 or 1591, then the Court shall revoke your term of supervised release and sentence you to a term of imprisonment of not less than five years and up to life per count.

If you violate your supervised release in any other way, it's punishable by a term of imprisonment of up to three years, and you can get an additional term of supervised release.

And then the Court will also order you to make restitution to any victims of the offenses and provide notice of the conviction to victims of the offense. The Court also may require you to forfeit certain property to the government.

Doc. 65 at 16-17.

Mr. Leslie stated he understood these consequences. Doc. 65 at 17.

*Voluntariness*:   The parties affirmed that no one threatened, pressured, coerced, or persuaded him to change his plea. Doc. 65 at 23.   Mr. Leslie stated he was pleading guilty because he was, in fact, guilty. Doc. 65 at 23-24, 29-30. Counsel also confirmed that no assurances, promises, or understandings have been given to Mr. Leslie as to a disposition of his case which are different or contrary to what is in his plea agreement. Doc. 65 at 30.

*Plea Agreement and Appeal Waiver*:   Concerning the plea agreement, the Court confirmed that Mr. Leslie read and signed every page of the agreement, and

that the Court had no part in the agreement. Doc. 65 at 17-19.    Mr. Leslie confirmed that he spoke with his attorney about the agreement and that he understood it. Doc. 65 at 17-19.    The Court reviewed portions of the plea agreement, including the charges to which Mr. Leslie agreed to plead guilty, the penalties, restitution, the United States' guidelines recommendations, and the Court's role in sentencing. Doc. 65 at 19-21.

Specifically as to the appeal waiver portion of the plea agreement, the Court explained to Mr. Leslie that:

> Normally you'd have a right to appeal your sentence on any ground that you think's appropriate, including an incorrect application of the sentencing guidelines.    Under this plea agreement, however, you're waiving and giving up your right to appeal your sentence except in the specific circumstances that are listed.
>
> So you could still appeal your sentence on the following grounds: First, on the ground that your sentence exceeds your applicable guideline range, as that range is determined by the Court; or second, that your sentence exceeds the statutory maximum penalty; or third, that it violates the Eighth Amendment to the Constitution; or fourth, if the government appeals your sentence, then you can appeal it also.
> But other than in those circumstances, you're waiving your right to appeal your sentence.

Doc. 65 at 22.    Mr. Leslie affirmed that he understood the appeal waiver and was willing to give up portions of his right to appeal his sentence. Doc. 65 at 22-23. Mr. Leslie also affirmed that he understood all the provisions of the plea agreement. Doc. 65 at 23.

***Factual Basis***:    The government proffered the followings facts:

7

In 2016, Defendant Andrew Ryan Leslie was identified as a member of one of those websites.   Further investigation revealed that Leslie resided in Middleburg, Florida.

On October 18, 2016, HSI agents and other law enforcement officers executed a federal search warrant at Leslie's residence in Middleburg, Florida.   Upon entry into the residence, agents observed Leslie as Leslie emerged from the master bedroom.   Leslie stated in substance that a minor female child, referred to by Leslie as a toddler, had been in bed with Leslie when the agents arrived.

During the execution of the search warrant, HSI agents located, on a nightstand located next to Leslie's bed in the master bedroom, a Canon PC1737 Powershot A3400 IS digital camera bearing serial No. 432061019849 that was manufactured in China.

Contained within the camera was an SD adapter and a micro SD card. This micro SD card was a Toshiba 8GB HC Micro SD card bearing serial No. 1403RP4801P that was manufactured in Taiwan.   This camera and this SD card each were shipped and transported in or affecting interstate and foreign commerce.

During a forensic preview, agents discovered that the SD card contained a series of pornographic images depicting Leslie with two different minor female children.   In several images, the same prepubescent minor child, or Child 1, who was approximately two years old at the time, was in a bed -- was in the bed with Leslie that morning was depicted.   Other images depicted a different infant female child, Child 2, who was approximately seven months old at the time.

These images depicted, among other things, Child 1 being vaginally and orally penetrated by Leslie's penis.   There were also images depicting the lascivious exhibition of child 2's genitalia.

In several images Leslie's depicted gripping his own penis and contacting the genitalia of Child 1 with it.   All the images on the Toshiba SD card, 42 in total, were produced by Leslie on October 14, 2016, using the Canon Powershot digital camera.

HSI agents also seized numerous items of computer media from Leslie's residence, including several laptop computers, computer hard disk drives, tablets, cell phones, and cameras.

> Forensic analysis of these items revealed that Leslie had produced, received, distributed, and -- produced, received, distributed, and possessed numerous images and videos depicting child pornography. Moreover, logs of online conversations between Leslie and other individuals were recovered that demonstrate, among other things, that Leslie had discussed engaging in sexual activity with several minor -- minor children.
>
> Leslie acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.

Doc. 65 at 25-27.

Mr. Leslie confirmed the factual basis, and agreed to the personalization of elements from his plea agreement, with no objections. Doc. 65 at 27-29.

***Findings***:    The court made the following findings:

- I find that you are now alert and intelligent, that you understand the nature of the charges against you and the possible penalties, and you appreciate the consequences of pleading guilty.

- I also find the facts which the government is prepared to prove and which by your plea of guilty you admit state all the essential elements of the crimes to which you have pleaded guilty.

- I further find that your decision to plead guilty is freely, voluntarily, knowingly, and intelligently made and that you've had the advice and counsel of a competent lawyer, with whom you say you are satisfied.

Doc. 65 at 32.

### b.    The Sentencing

Prior to sentencing, a Pre-Sentence Investigation Report (PSR) was prepared. Doc. 50.    The PSR calculated the following offense level and applied the following enhancements:

| Count 1 – Production of Child Pornography | | | |
|---|---|---|---|
| **U.S.S.G.** | **Description** | **Level** | **PSR** |
| §2G2.1(a) | Base offense level | 32 | ¶33 |
| §2G2.2(b)(2)(A) | offense involved the commission of a sexual act or sexual contact | +2 | ¶35 |
| §2G2.1(b)(1)(A) | offense involved a minor who had not attained the age of 12 years | +4 | ¶34 |
| §2G2.1(b)(4) | offense involved material that portrays sadistic or masochistic conduct, | +4 | ¶36 |
| §2G2.1(b)(5) | defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant | +2 | ¶37 |
| **Adjusted Level** | | **44** | **¶41** |

| Count 2 – Production of Child Pornography | | | |
|---|---|---|---|
| **U.S.S.G.** | **Description** | **Level** | **PSR** |
| §2G2.1(a) | Base offense level | 32 | ¶42 |
| §2G2.2(b)(2)(A) | offense involved the commission of a sexual act or sexual contact | +2 | ¶44 |
| §2G2.1(b)(1)(A) | offense involved a minor who had not attained the age of 12 years | +4 | ¶43 |

| Count 2 – Production of Child Pornography | | | | |
|---|---|---|---|---|
| **U.S.S.G.** | **Description** | **Level** | **PSR** |
| | | | |
| §2G2.1(b)(5) | defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant | +2 | ¶45 |
| **Adjusted Level** | | **40** | **¶49** |

The total number of units added based upon the grouping rules was 2-levels. PSR ¶50.   Five additional levels were added because the offense involved a pattern of sexual activity. PSR ¶54.   Applying the added units, and adjusting for acceptance of responsibility, the total adjusted offense level was calculated at a level 48, which converted to a maximum level of 43. PSR ¶¶55-58.

The total criminal history score was zero, resulting in a criminal history category I. PSR ¶61.   Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range was set at life. PSR ¶102. However, because the statutory maximum sentences are less than the maximum guideline range, the guideline term became 720 months. PSR ¶102.

Prior to the sentencing hearing, Mr. Leslie filed a sentencing memorandum, wherein he asked the Court to "impose a sentence that will give Mr. Leslie, who just turned 23, an opportunity to see the light at the end of the." Doc. 49 at 1.   A Neuropsychological Report was also provided to the Court prior to sentencing,

which concluded that Mr. Leslie pedophilic disorder, gender dysphoria disorder, and major depressive disorder, with symptoms of anxiety, moderate to severe, with suicidal ideation. Doc. 49-4.

At the sentencing hearing, the district court began the proceedings by resolving the parties' corrections to the PSR (there were no factual or legal objections). Doc. 66 at 3-6.   Thereafter, the district court adopted PSR's guidelines calculation. Doc. 66 at 10.

Defense counsel reiterated the arguments in the sentencing memorandum, and specifically highlighted Mr. Leslie's candor and openness in proffering and cooperating with the government discussing the crime, which the Court took note. Doc. 66 at 12-13.   Mr. Leslie's mother spoke on his behalf, Doc. 66 at 19, and Mr. Leslie himself addressed the Court, as follows:

> First of all, I would like to apologize to my victims and their families. I never meant to harm them, and I hate myself for the things that I've done.
>
> I'm sorry for taking advantage of their trust and their children.   I understand that they may never forgive me, and honestly, I don't expect them to.   I wouldn't if I was in their shoes.
>
> For the future it is my hope to get a degree in psychology and to start an organization for those attracted to children.   My organization would help them deal with their problems and their urges safely and with no harm to others.
>
> While being in jail I learned that there are treatment programs for this. I wish I would have known that before.   But I will make it more -- I will make this more known to others and to offer it before they offend.

12

> As for my sentencing, I deserve 60 years and more, but please, Your Honor, allow me to spend time with my mother before she passes.   As well, allow me the time to start a new career if I'm allowed to use computers or the time to relearn if I'm not.
>
> I understand -- or I will be happy to accept any extra conditions, including castration, even though I still want to have children myself. I understand this is quite a bit to ask considering the offenses, but please, if not for me, for my mom.   This has been harder on her than me.

Doc. 65 at 20-21.

The government addressed the specific circumstances of the offense, and asked the Court to sentence Mr. Leslie to no less than fifty years in prison. Doc. 66 at 20-40, 42-43.   Several family members of the victims also made statements before the Court. Doc. 66 at 40-42.

Ultimately, the district court expressed that it, "considered the factors required by the statute, and I've considered the materials that have been presented to the Court and the statements of everyone that has an interest in this case today." Doc. 66 at 46.   Accordingly, the district court sentenced Mr. Leslie to 365 months in prison, consisting of a term of 720 months' imprisonment, consisting of 360 months as to Count One, and 360 months to Count 2, which will run consecutively, to be followed by a life term of supervised release. Doc. 66 at 47.   The district court elicited objections at the conclusion of sentencing, and defense counsel objected to "the Court's failure to adequately take into account the mitigating 3553 factors." Doc. 66. at 52.

13

### iii.    Standards of Review

When an attorney files a brief filed pursuant to *Anders v. California*, 386

U.S. 738, 87 S. Ct. 1396 (1967),

> [T]he court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.   If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . . On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S. Ct. at 1400; *see also United States v. Blackwell*, 767 F.2d 1486

(11th Cir. 1985).   The following standards of review are arguably relevant to this

determination in the instant case:

> *       *De novo* review governs questions of law, such as challenges to the knowing and voluntary nature of a defendant's guilty plea, *see, e.g., United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004), *United States v. Pope,* 132 F.3d 684, 689 (11th Cir. 1998); and application of the law to sentencing issues, *see, e.g., United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010).

> *       Plain error review applies to issues not properly preserved by objection in the court below. *See, e.g., United States v. Hernandez-Fraire*, 208 F.3d 945 (11th Cir. 2000); Fed. R. Crim. P. 52(b) (stating that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention").

> *       Abuse of discretion is the standard for reviewing the reasonableness of a sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "However, this case concerns the district court's authority to impose a sentence below the statutory minimum, thus subjecting the sentence to review de novo." *Gomes*, 621 F.3d at 1345.

## SUMMARY OF THE ARGUMENT

This brief is filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), which provides:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. . . . His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* at 744, 87 S. Ct. at 1400.

After reviewing the record herein, undersigned counsel has not been able to find any issues that can be argued in good faith. Consequently, counsel has not presented any arguments, but rather has merely stated the possible issues that Mr. Leslie may be interested in presenting, along with the relevant facts and law.

15

**ARGUMENTS AND CITATIONS OF AUTHORITY**

**I.      Whether Mr. Leslie pleaded guilty knowingly and voluntarily.**

Mr. Leslie stated under oath before the court that he wanted to plead guilty because he was, in fact, guilty.   Upon finding that Mr. Leslie was pleading guilty freely, voluntarily, and knowingly, with an understanding of the nature of the charge, the possible penalties, and the consequences of pleading guilty, the district court accepted his guilty plea and adjudicated him as such. Docs. 38-42. The district court accepted the guilty plea without objection.   Because Mr. Leslie did not object to the acceptance of his guilty plea, he would have the burden of establishing that plain error occurred, which affected his substantial rights. *See United States v. Vonn*, 535 U.S. 55, 58, 122 S. Ct. 1043, 1046 (2002).

In order to ensure that Mr. Leslie's guilty plea was entered knowingly and voluntarily, the court below was required to ascertain that Mr. Leslie understood the nature of the charges and the consequences of his plea, and that there was a factual basis for the plea. *See, e.g., Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-1712 (1969); *McCarthy v. United States*, 394 U.S. 459, 465-66, 89 S. Ct. 1166, 1170-1171 (1969); *United States v. Moriarty*, 429 F.3d 1012, 1019-1020 (11th Cir. 2005).   Rule 11(b) of the Federal Rules of Criminal Procedure sets out the procedure a court must follow before accepting a plea of guilty.

16

**A.** **Whether the court below followed the procedures set forth in Rule 11(b).**

The chart that follows lists the Rule 11(b) requirements and the citation to the record where those requirements were addressed by the court below when taking Mr. Leslie's guilty plea:

| Rule 11(b) | Advice to defendant | Record cite |
|---|---|---|
| (1)(A) | the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath | Doc. 65 at 9-11 |
| (1)(B) | the right to plead not guilty, or having already so pleaded, to persist in that plea | Doc. 65 at 9-11 |
| (1)(C) | the right to a jury trial | Doc. 65 at 9-11 |
| (1)(D) | the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding | Doc. 65 at 9-11 |
| (1)(E) | the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | Doc. 65 at 9-11 |

| Rule 11(b) | Advice to defendant | Record cite |
|---|---|---|
| (1)(F) | the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere | Doc. 65 at 9-11 |
| (1)(G) | the nature of each charge to which the defendant is pleading | Doc. 65 at 13-14 |
| (1)(H) | any maximum possible penalty, including imprisonment, fine, and term of supervised release | Doc. 65 at 16-17 |
| (1)(I) | any mandatory minimum penalty | Doc. 65 at 16-17 |
| (1)(J) | any applicable forfeiture | Doc. 65 at 16-17 |
| (1)(K) | the court's authority to order restitution | Doc. 65 at 16-17 |
| (1)(L) | the court's obligation to impose a special assessment | Doc. 65 at 16-17 |
| (1)(M) | the court's obligation to apply the sentencing guidelines, and the court's discretion to depart from those guidelines under some circumstances | Doc. 65 at 16-17 |

18

| Rule 11(b) | Advice to defendant | Record cite |
|---|---|---|
| (1)(N) | the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence | Doc. 65 at 17-19 |
| (2) | Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement) | Doc. 65 at 23-24, 29-30 |
| (3) | Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea | Doc. 65 at 27-29. |

### B.    Whether Mr. Leslie understood the nature of the charges, including the factual basis, and consequences of his guilty plea.

Mr. Leslie stated under oath that he was pleading guilty freely and voluntarily, and he did not have any questions about those consequences of his guilty plea.   Mr. Leslie stated that he understood the sentencing process as the court explained it, including that if the sentence he receives is more severe than what he had expected or discussed with his attorney, he would not be allowed to withdraw his guilty plea. Mr. Leslie further stated that he was satisfied with representation provided by his

counsel and that he understood that by pleading guilty he would be waiving certain constitutional rights.

The court discussed the nature of the charges against Mr. Leslie, as well as having read the indictment to Mr. Leslie and outlined the essential elements of the offense. The court found that Mr. Leslie's guilty plea was entered knowingly and voluntarily, and was supported by the factual basis. Doc. 65 at 32. Neither party lodged an objection to these findings. *See id*.

Based on the foregoing and due to the lack of objections made and the court's explanation of the core concerns of the change of plea, undersigned counsel is unable to make an argument in good faith that the court plainly erred in accepting Mr. Leslie's guilty plea, affecting his substantial rights.

## II. Whether Mr. Leslie's sentence is procedurally and substantively reasonable.

Following *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the sentencing guidelines are advisory only. Nevertheless, the guidelines range is still "the starting point and the initial benchmark" in determining an appropriate sentence. *Gall*, 552 U.S. at 49, 128 S. Ct. at 596. Ultimately, the sentence must be one "that is not too short and not too long, but just right to serve the purposes of [18 U.S.C.] § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010).

Section 3553(a) requires a court to consider various factors and then impose a sentence "sufficient, but not greater than necessary." Those factors are:

20

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    the need for the sentence imposed to afford adequate deterrence;

(4)    the need to protect the public;

(5)    the need to provide the defendant with educational or vocational training or medical care;

(6)    the kinds of sentences available;

(7)    the Sentencing Guidelines range;

(8)    the pertinent policy statements of the Sentencing Commission;

(9)    the need to avoid unwanted sentencing disparities; and

(10)    the need to provide restitution to victims.

18 U.S.C. § 3553(a)(1-7).

Appellate review of a sentence is a two-part process. First, the reviewing Court must:

[E]nsure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Here, the district court calculated the guidelines range based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range was set at life. PSR ¶102.   However, because the statutory maximum sentences are less than the maximum guideline range, the guideline term became 720 months. PSR ¶102.

Neither party objected to the PSR's guidelines calculations. At the sentencing hearing, the district court began the proceedings by resolving the parties' minor corrections to the PSR. Doc. 66 at 3-6.   Thereafter, the district court adopted PSR's guidelines calculation. Doc. 66 at 10.

No further objections were made to the court's calculation of the guidelines, and there does not appear to be any procedural irregularities in calculating the guidelines range.

If the sentence is procedurally sound, the second step of appellate review of a sentence is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances, "including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  This Court has recognized that "there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005).  The Court "will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611

F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

The Court "ordinarily expect[s] a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he appellant has the burden of establishing the sentence is unreasonable in light of the record and the §3553(a) factors." *Id*. "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one §3553(a) factor, failed to consider pertinent §3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The Court will "vacate the sentence if, but only if, [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the §3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted).

"[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in § 3553(a)." *Talley*, 431 F.3d at 788. While the sentencing judge is not required to specifically address each of the factors found in § 3553(a), he must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

23

Here, the district court the district court expressed that it, "considered the factors required by the statute, and I've considered the materials that have been presented to the Court and the statements of everyone that has an interest in this case today." Doc. 66 at 46.   The district court also sentenced Mr. Leslie within the guideline term of imprisonment, and Mr. Leslie's challenge to that guideline sentence would fall within his plea agreement's appeal waiver provision. Doc. 65 at 22-23.

Based on the foregoing, and in light of the valid, enforceable sentencing appeal waiver, undersigned counsel is not able to present a good faith argument that Mr. Leslie can meet the burden of showing that his sentence was substantively unreasonable.

## CONCLUSION

Pursuant to the Supreme Court's directions in *Anders v. California,* undersigned counsel requests this Court's permission to withdraw as counsel of record and asks that the Court afford Mr. Leslie the opportunity, if he so desires, to supplement this appeal raising any issues that he contends have merit.

Respectfully submitted,

Donna Lee Elm
Federal Defender

*/s/ Adeel Bashir*
Adeel Bashir
Assistant Federal Public Defender
Appellate Division
D.C. Bar Number 1000201
400 N. Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: 813-228-2715
Facsimile: 813-228-2562
E-mail: adeel_bashir@fd.org
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2018, a true and correct copy of the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to Assistant United States Attorney Yvette Rhodes.

I further certify that on this 8th day of June, 2018, a true and correct copy of the foregoing brief, together with the unsealed portion of the appendix on appeal and a letter advising Mr. Leslie of his right to supplement this brief, if he so chooses, were sent via U.S. Mail to Mr. Andrew Leslie, Inmate, Robertson County Detention Facility, 311 5th Ave., East, Springfield, TN 37172.

*/s/ Adeel Bashir*
Adeel Bashir
Assistant Federal Public Defender